IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SECYLIA ALOUSIA FARRIS                                                                PLAINTIFF

vs.                                    Civil No. 2:12-cv-02001

MICHAEL J. ASTRUE                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Secylia Alousia Farris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her DIB and SSI applications on April 30, 2010.  (Tr. 10, 114-120).  In her applications, Plaintiff alleges being disabled due to bipolar, asthmatic bronchitis, back pain, and attentive deficit hyperactivity disorder ("ADHD").  (Tr. 156).  Plaintiff alleges an onset date of January 5, 2009.  (Tr. 156).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 56-66).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 69). Plaintiff's administrative hearing was held on January 25, 2011 in Fort Smith, Arkansas. (Tr. 23-49). Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and vocational expert ("VE") Patricia Kent testified at this hearing. *Id.* During the administrative hearing in this matter, Plaintiff testified she was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563. (Tr. 26). Plaintiff also testified that she had GED. *Id.*

On February 14, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 5, 2009, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: depressive disorder and mixed substance abuse. (Tr. 12, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that the

>claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she can perform work where interpersonal contact was routine but superficial; the complexity of tasks was learned by experience; several variables were involved; judgment was used within limits; and the level of supervision required was little for routine tasks but detailed for non-routine tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16-17, Finding 6). In light of her RFC, the ALJ found Plaintiff retained the capacity to perform her PRW as a fishing lure assembler. *Id.* Notably, the ALJ found Plaintiff's RFC did not preclude her from performing this PRW. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 5, 2009 through the date of his decision. (Tr. 17, Finding 7).

Thereafter, on October 26, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On December 1, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 5, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 13, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff argues the ALJ improperly evaluated her severe impairments. ECF No. 9, Pgs. 9-17. Specifically, Plaintiff argues the ALJ erred when he failed to find her anxiety disorder, panic disorder with agoraphobia, and personality disorder were severe impairments. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability

determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

According to Plaintiff, the ALJ made no analysis regarding why her anxiety disorder, panic disorder with agoraphobia, and personality disorder were non severe. The ALJ found Plaintiff's severe impairments were depressive disorder and mixed substance abuse; she retained the RFC for semi-skilled work; and could perform her PRW. (Tr. 12-16). However, in making this determination, the ALJ entirely disregarded the findings of Plaintiff's physicians and made no mention of these diagnosis which were contained in the medical record.

On October 12, 2009, Plaintiff was seen by Dr. Kathleen Kralik for a Mental Diagnostic Evaluation. (Tr. 244-251). Dr. Kralik diagnosed Plaintiff with depressive disorder, anxiety disorder, cannabis dependence, and personality disorder. *Id*. Dr. Kralik found Plaintiff's capacity to carry out activities of daily living and daily adaptive functioning to be mildly to moderately impaired for occupational purposes and her capacity to cope with the typical mental/cognitive demands of basic work–like tasks mildly impaired for occupational purposes. (Tr. 250-251).

On July 19, 2010, Plaintiff was seen by Dr. Terry Efird, for a Mental Diagnostic Evaluation. (Tr. 358-362). Following this evaluation, Dr. Efird diagnosed Plaintiff with panic disorder with agoraphobia, depressive disorder, and personality disorder. (Tr. 361).

Additionally, the record shows Plaintiff received treatment at Good Samaritan Clinic and RVPCS Northside Clinic for anxiety, insomnia and depression. (Tr. 263, 345, 422, 449, 488, 490).

Accordingly, standing alone, these findings provide sufficient evidence demonstrating Plaintiff's anxiety, panic, and personality disorders satisfy the low or *de minimis* standard for establishing a severe impairment. Accordingly, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE